[No. 25666. Department One. December 19, 1935.]

HATTIE MURRAY, *Appellant*, v. THE PROVIDENT LIFE AND
ACCIDENT INSURANCE COMPANY OF CHATTANOOGA,
TENNESSEE, *Respondent*.[1]

*John T. McCutcheon,* for appellant.
*Roberts & Skeel* and *W. R. McKelvy,* for respondent.

MITCHELL, J.—This is an action on a life and acci-
dent insurance policy issued by The Provident Life
and Accident Insurance Company of Chattanooga,
Tennessee, to Walter Murray, of Tacoma, Washing-

[1]Reported in 52 P. (2d) 327.

ton, for a period of one year from May 14, 1933, in consideration of a monthly premium of $5.00.

During the year, and on March 29, 1934, the insured received accidental injuries from which he died on March 30, 1934.

His widow, Hattie Murray, the beneficiary under the policy in case of death of the insured, commenced this action on October 3, 1934. One defense, the only one necessary to be discussed in deciding the case, was that the policy had been cancelled prior to the fatal accident. The allegations of the defense were denied in a reply by the plaintiff. The defense was established by the evidence to the satisfaction of the trial judge. Findings, conclusions and judgment to that effect were entered. The plaintiff has appealed.

It is assigned that the court erred in its finding and judgment that the policy was cancelled prior to the accident.

The policy contained what is spoken of as a standard policy provision, as follows:

"Standard Provision No. 16. The Company may cancel this policy at any time by written notice delivered to the Insured or mailed to his last address, as shown by the records of the Company, together with cash or the Company's check for the unearned portion of the premiums actually paid by the Insured, and such cancellation shall be without prejudice to any claim originating prior thereto."

The essential, controlling, finding of fact entered in the case by the trial court is as follows:

"That on the 23rd day of February, 1934, the defendant did forward to the Insured a letter advising that the Company desired to cancel said policy of insurance and that thereafter on the 17th day of March, 1934, the Company through its agent, J. Gordon March, of Tacoma, Washington, did forward a letter to the insured at his last known address advising of cancellation of said policy and enclosing

the unearned premium in the sum of $3.23 canceling said policy. That by virtue of said acts of the defendant herein said policy of insurance was canceled on March 17, 1934, and that thereafter, at the time of the death of the insured, to-wit on the 30th day of March, 1934, said policy of insurance was canceled.''

The testimony upon which the finding of fact was made was that, at the date of the notice of cancellation, February 23, 1934, the records of the home office of the insurance company did not show any unearned premium to the credit of the insured, but that, shortly thereafter, premium money was received at the home office through its local collection office at Tacoma, on this policy. Thereupon, the further written notice of March 17, 1934, was given by direction of the home office, through its local office in Tacoma, referring to the notice of cancellation already given and enclosing a check in an amount entirely sufficient to cover the unearned premium, whether considered with reference to the notice of February 23, 1934, or the notice of March 17, 1934. Both notices were promptly received at the designated and actual residence of the insured. The notice of March 17, 1934, and the remittance for unearned premium were received on or about March 18, 1934, some eleven days before the insured was injured, the check being held and cashed after Mr. Murray's death.

The finding of fact entered in the cause was supported by a clear preponderance of the evidence.

The contention on behalf of the appellant is that, because the check for the unearned premium did not accompany the notice of February 23, 1934, the notice was therefore not effective, under the terms of the cancellation provision of the policy. More precisely, the argument is that, under the terms of this clause in the policy, it was required that the check

4

should immediately accompany that notice of cancellation.

We cannot accept such a construction of the policy. The reason unearned premium was not forwarded with the notice of February 23, was fully and satisfactorily explained. The payment of it a few days later completed the performance of the cancellation provisions of the policy. Certainly, there was no prejudice to the insured or the beneficiary under the policy in cancelling the policy in this manner, nor is this holding inconsistent with the terms of the cancellation clause of the policy reasonably construed.

Judgment affirmed.

BEALS, STEINERT, and GERAGHTY, JJ., concur.

TOLMAN, J., dissents.